## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
### (NORTHERN DIVISION)

| | |
|---|---|
| MCNEAL BROWN<br>2456 Apple Blossom Lane, Apt. 202<br>Odenton, MD 21113<br><br>    *Plaintiff,*<br><br>    v.<br><br>AEROTERM MANAGEMENT, LLC<br>201 West Street<br>Annapolis, MD 21401<br><br>Serve: The Corporation Trust Company<br>        Corporation Trust Center<br>        1209 Orange St<br>        Wilmington, DE 19801-1120<br><br>REALTERM US, INC.<br>201 West Street<br>Annapolis, MD 21401<br><br>Serve: The Corporate Trust, Inc.<br>        2405 York Road, Suite 201<br>        Lutherville Timonium, MD 21093-2264<br><br>    *Defendants*. | Civil Case No.: 1: 18-cv-257 |

## COMPLAINT

Plaintiff McNeal Brown, by the law firm of Melehy & Associates LLC, hereby brings suit against Defendants Aeroterm Management, LLC ("Aeroterm") and Realterm U.S., Inc. ("Realterm") for violations of: Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §§ 2000e-5(f) to (k), 2000e-16(c) (2012); 42 U.S.C. § 1981 ("Section 1981"); and the Maryland Human Rights Act, as amended ("MHRA"), Md. Code Ann., State Gov't § 20-606 (2017); and, for age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq*.

In support of this Complaint, Plaintiff alleges as follows:

## JURISDICTION

1. The Jurisdiction of this Court is based upon 28 U.S.C. § 1331 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce."

## VENUE

2. At all times relevant to this case, Plaintiff was employed by Defendants who did business in Annapolis, Maryland.

4. Plaintiff's employment records, which are relevant to the employment practices at issue in this case, were all located in Annapolis, Maryland.

## THE PARTIES

5. Aeroterm is a limited liability company that employed Plaintiff. It is organized under the laws of the State of Delaware. Its principal place of business is Maryland and its headquarters are located at 201 West Street, Annapolis Maryland 21401. Aeroterm is in the business of managing properties located at airport and trucking terminals.

6. Realterm is a corporation which is incorporated under the laws of the State of Delaware. Its principal place of business is Maryland and its headquarters are located at 201 West Street, Annapolis Maryland 21401. Aeroterm is in the business of managing properties located at airport and trucking terminals.

7. Plaintiff, an African-American black male born on April 24, 1965, was employed by Defendants from sometime in 2012 until his involuntary termination on January 13, 2017.

8. Plaintiff was jointly employed by Aeroterm and Realterm, formally or as a matter of practice. They jointly determine, share, or allocate the power to direct, control, or supervise employees by direct or indirect means, and hire or fire the employees or modify the terms or

2

conditions of their employment. The relationship between Aeroterm and Realterm has a high degree of permanency; either Aeroterm is controlled by or is under common control of Realterm. Both Aeroterm and Realterm also owned or controlled the premises where Plaintiff performed his work. Aeroterm and Realterm, jointly or as a matter of practice, determine, share, or allocate responsibility over functions ordinarily carried out by one employer, such as handling payroll, human resources activities, providing workers' compensation insurance, paying payroll taxes, and providing the facilities, equipment, tools, or materials necessary to complete the work.

## STATEMENT OF FACTS

9. From October 2012 to February 2014, Plaintiff worked in Defendants' trucking division located at Annapolis, Maryland. From February 2014 to his termination on January 13, 2017, he worked in Defendant's airport division at the same location. While in the airport division, his first-line supervisor was Sean Mays, Director of Property Management. In the airport division, Plaintiff's exclusive responsibility was to perform airport-related property management.

10. In 2013, 2014, and 2015, Plaintiff received positive performance reviews, which resulted in a raise and bonuses each year.

11. In December of 2013, 2014, and 2015, Plaintiff received a year-end Targeted Bonus of at least $7,500.00, which he earned, under his employment agreement, through "reasonable efforts and performance[.]"

12. In March 2016, Michael Bodendorf became Defendants' Senior Vice President of Property Management and Plaintiff's second-level supervisor. Mr. Mays remained Plaintiff's first-level supervisor.

13. Throughout 2016 and until his termination on January 13, 2017, Plaintiff was one of the three Managers in Defendants' Property Management Division. One other Manager is a younger Caucasian woman, Laura Werth, who was in her early forties and had worked at Defendants for

only about one year at the time of Plaintiff's termination. The third Manager is a younger Caucasian man, Glen Iley, who was at the age of forty-eight and was responsible for managing trucking terminals only. Ms. Werth was responsible for managing trucking terminals and airport terminals. Plaintiff was responsible for managing airport terminals exclusively. All three were managed by Mr. Mays as their first-level supervisor and by Mr. Bodendorf as their second-level supervisor.

14. Ms. Werth and Mr. Iley had less professional experience and formal education than Plaintiff. Plaintiff's qualifications and performance were superior to theirs.

15. From the time Mr. Bodendorf became Plaintiff's second-level supervisor (March 2016) until the date of Plaintiff's termination, Mr. Bodendorf singled Plaintiff out for frequent discriminatory harassment in email and in person, often in front of other people or by copying others on the emails.

16. In December 2016, Plaintiff did not receive a yearly performance review for 2016, while both Ms. Werth and Mr. Iley received satisfactory appraisals.

17. On January 13, 2017, in a meeting, Mr. Bodendorf terminated Plaintiff's employment, claiming falsely that Defendants had eliminated Plaintiff's position through a reorganization.

18. In January 2017, Plaintiff learned that he received only a partial bonus of $4,000.00, without explanation, rather than a full bonus of $7,500.00.

19. Defendants treated Plaintiff differently than similarly situated persons outside of his protected classes. For example, upon information and belief, Defendants did the following: following Plaintiff's termination, Defendants assigned some or all of Plaintiff's duties to Ms. Werth; Defendants paid full bonuses to Ms. Werth and Mr. Iley in 2016 and provided both of them with end of year appraisals for 2016.

20. Plaintiff exhausted his administrative remedies under Title VII and the ADEA by filing a timely charge of race and age discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about March 2, 2016. Plaintiff received a Notice of Right to Sue letter from the EEOC on December 7, 2017. Plaintiff has exhausted his administrative remedies for the MHRA claims by filing a timely charge with the EEOC, which has been cross-filed with the Maryland Commission on Civil Rights. Md. Code Ann., State Gov't § 20-2013.

## COUNT I

### (DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)

21. Plaintiff incorporates and realleges the previous allegations.

22. Defendants violated Title VII by discriminating against Plaintiff on the basis of color (black), race (Black/African American) by terminating his employment on or about January 13, 2017, failing to provide him with a performance appraisal in December 2016, and failing to pay him his full end-of-year target bonus of $7,500.00.

23. As a result of the actions of the Defendants, Plaintiff suffered a loss of pay, economic injury, emotional and psychological harm, humiliation, embarrassment, damage to reputation, and other losses.

## COUNT II

### (DISCRIMINATION IN VIOLATION OF SECTION 1981)

24. Plaintiff incorporates and realleges the previous allegations.

25. Defendants discriminated against Plaintiff on the basis of color (black), race (African American), in violation of 42 U.S.C. § 1981, by terminating his employment on or about January 13, 2017, failing to provide him with a performance appraisal in December 2016, and failing to pay him his full end-of-year target bonus of $7,500.00.

26. As a result of the actions of the Defendants, Plaintiff suffered a loss of pay, economic injury, emotional and psychological harm, humiliation, embarrassment, damage to reputation, and other losses.

## COUNT III
### (DISCRIMINATION IN VIOLATION OF THE ADEA)

27. Plaintiff incorporates and realleges the previous allegations.

28. Defendants discriminated against Plaintiff on the basis of his age in violation of 29 U.S.C. § 623, by terminating his employment on or about January 13, 2017, failing to provide him with a performance appraisal in December 2016 and failing to pay him his full end-of-year target bonus of $7,500.00.

29. As a result of the actions of the Defendants, Plaintiff suffered a loss of pay, economic injury, emotional and psychological harm, humiliation, embarrassment, damage to reputation, and other losses.

## COUNT IV
### (DISCRIMINATION IN VIOLATION OF THE MHRA)

30. Plaintiff incorporates and realleges the previous allegations.

31. Defendants discriminated against Plaintiff on the basis of color (black), race (African American), and his age in violation of Md. Code Ann., State Gov't, § 20-606, by terminating his employment on or about January 13, 2017, failing to provide him with a performance appraisal in December 2016 and failing to pay him his full end-of-year target bonus of $7,500.00.

32. As a result of the actions of the Defendants, Plaintiff suffered a loss of pay, economic injury, emotional and psychological harm, humiliation, embarrassment, damage to reputation, and other losses.

## RELIEF REQUESTED

Plaintiff requests the following relief: (a) such compensatory damages as a jury might award, including mental and emotional distress; (b) such economic damages as a jury might award, including back pay and Plaintiff's full 2016 bonus; (c) punitive damages; (d) reinstatement with back pay or alternatively front pay; (e) an amount equal to the amount of lost back pay and front pay as liquidated damages; (f) expungement of January 13, 2017, termination letter and all other documentation related to his termination; (g) direct Defendants to issue a satisfactory 2016 appraisal to Plaintiff; (h) such other damages as a jury might award; (i) attorney's fees and costs of the litigation; and (j) any other relief the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable to a jury as a matter of right.

Respectfully submitted,

/s/ Omar Vincent Melehy_____
Omar Vincent Melehy, Esq.
Bar No.: 05712
MELEHY & ASSOCIATES LLC
8403 Colesville Rd., Suite 610
Silver Spring, MD 20910
Phone: (301) 587-6364
Fax:    (301) 587-6308
Email: ovmelehy@melehylaw.com
*Attorneys for Plaintiff*