UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **MCNEAL BROWN,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**AEROTERM MANAGEMENT, LLC** *et al.,*<br><br>      **Defendants.** | **Case No. 1:18-cv-257-RDB** |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Aeroterm Management, LLC ("Aeroterm") and Realterm US, Inc. ("Realterm") (collectively, "Defendants"), by their undersigned attorneys, hereby answer the Complaint of Plaintiff, McNeal Brown ("Plaintiff"), and state as follows:

### JURISDICTION

1.      The allegations of Paragraph 1 of the Complaint set forth arguments of law and/or legal conclusions to which no answer is required.

### VENUE

2.      Defendants deny the allegations contained in Paragraph 2 of the Complaint.

3.      Omitted by Plaintiff.

4.      Defendants admit that Plaintiff's employment records are located in Annapolis, Maryland. The remaining allegations of Paragraph 4 of the Complaint set forth arguments of law and/or legal conclusions to which no answer is required.

## THE PARTIES

5. Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit that Plaintiff is an African-American, black, male, that he was born on April 24, 1965, and that he was employed by Realterm in 2012 until his involuntary termination on January 13, 2017. Defendants deny the remaining allegations of Paragraph 7 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 8 of the Complaint.

## STATEMENT OF FACTS

9. Defendants state that Plaintiff worked only for Defendant Realterm and admit he was supervised by Sean Mays. Defendants deny the remaining allegations contained in Paragraph 9 as alleged.

10. Defendants admit that Plaintiff received a bonus and a raise in 2013, 2014, and 2015. Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit that Plaintiff received a year-end bonus of at least $7,500 in 2013, 2014, and 2015. Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit that Michael Bodendorf became Plaintiff's supervisor in March 2016, and that Mr. Mays remained Plaintiff's supervisor. Defendants deny the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendants admit that Plaintiff was one of three managers in the Property Management Division but denies that the Division was run, owned, and/or managed by

Defendants.  Defendants admit the remaining allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17. Defendants admit that Plaintiff's employment with Realterm ended on January 13, 2017.  Defendants deny the remaining allegations contained in Paragraph 17 of the Complaint.

18. Defendants are without knowledge or information sufficient to form a belief as to what Plaintiff learned as alleged in Paragraph 18 of the Complaint.

19. Defendants admit that some of Plaintiff's duties were assigned to Ms. Werth following his termination of employment, and that Ms. Werth and Mr. Iley received performance reviews and bonuses in 2016.  Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the allegations of Paragraph 20 of the Complaint.

## COUNT I

### (DISCRIMINATION IN VIOLATION OF TITLE VII
### OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)

21. Defendants incorporate herein by reference their responses to the prior allegations of the Complaint as if fully set forth herein.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

## COUNT II

### (DISCRIMINATION IN VIOLATION OF SECTION 1981)

24. Defendants incorporate herein by reference their responses to the prior allegations of the Complaint as if fully set forth herein.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

## COUNT III
### (DISCRIMINATION IN VIOLATION OF THE ADEA)

27. Defendants incorporate herein by reference their responses to the prior allegations of the Complaint as if fully set forth herein.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

## COUNT IV

### (DISCRIMINATION IN VIOLATION OF THE MHRA)

30. Defendants incorporate herein by reference their responses to the prior allegations of the Complaint as if fully set forth herein.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

## RELIEF REQUESTED

The unnumbered paragraph of the Complaint immediately following the heading "Relief Requested" contains no factual allegations to admit or deny.  To the extent that this Paragraph contains factual allegations, however, Defendants deny the allegations and state that Plaintiff is not entitled to any of the relief prayed for therein.

## JURY DEMAND

Defendants object to Plaintiff's request for a jury trial with respect to any claim, issue, or elements of relief to which Plaintiff is not entitled to a trial by jury as a matter of law.

## **DEFENSES**[1]

1. The Complaint fails to state causes of action, or facts sufficient to constitute any causes of action, upon which relief can be granted against Defendants.

2. Plaintiff cannot establish a claim of discrimination under the ADEA, as no actions taken by Defendants were based on Plaintiff's age.

3. Plaintiff cannot establish a claim of discrimination or harassment under Title VII, Section 1981, or Title 20, as any actions taken were for legitimate, non-discriminatory reasons.

4. The claims in the Complaint are barred, in whole or in part, to the extent Plaintiff has failed to exercise reasonable care and diligence to mitigate damages.

5. Any actions were taken in good faith and without malice, such that the relief sought (including, but not limited to, punitive damages) is not available. Plaintiff was legitimately discharged due to a corporate restructuring and his poor job performance.

6. There is no causal connection between any employment-related decision affecting Plaintiff and Plaintiff's race or color.

7. There is no causal connection between any employment-related decision affecting Plaintiff and Plaintiff's age.

---

[1] By pleading the defenses herein, Defendants do not concede that each of the matters covered by the numbered defenses is to be proven by Defendants, and Defendants reserve their position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish his alleged damages.

8.	Plaintiff's claims and requests for relief are barred, because the conduct alleged in the Complaint is contrary to the good faith efforts of Defendant Realterm to comply with the law, including Title VII, Section 1981, Title 20, and the ADEA.

9.	The claims asserted in the Complaint and the requests for relief are barred, in whole or in part, because Plaintiff did not suffer any damages caused by or attributable to any wrongful conduct by Defendants.

10.	All similarly situated employees were treated equally.

11.	Plaintiff has failed to establish a prima facie case of discrimination.

12.	Plaintiff's claims are barred to the extent they seek damages in excess of the caps on damages under applicable law.

13.	Plaintiff was an at-will employee, subject to discharge and other changes to the terms and conditions of his employment at any time and for any reason, with or without notice.

14.	Defendants intend to rely on each and every additional defense that may become known to them through the course of this litigation and expressly reserve the right to amend this Answer to assert any and all such defenses, different or additional defenses, or otherwise to amend any of their denials or averments herein.

Dated this 19th day of March 2018.

                                                /s/
                          Brooks R. Amiot (No. 12148)
                          Andrew Baskin (No. 19281)
                          Jackson Lewis P.C.
                          2800 Quarry Lake Drive, Suite 200
                          Baltimore, Maryland  21209
                          (410) 415-2005 – Telephone
                          (410) 415-2001 – Facsimile
                          brooks.amiot@jacksonlewis.com
                          andrew.baskin@jacksonlewis.com

                          *Attorneys for Defendants*

4851-2005-6158, v. 3